## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ADAM STREETER, | |
| Plaintiff, | |
| | Case No. 3:14-cv-00555 |
| v. | |
| ELI LILLY AND COMPANY, an Indiana corporation, | **JOINT RULE 26(F) REPORT AND DISCOVERY PLAN** |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order Governing Preliminary Pretrial Conferences, the parties hereby submit this joint discovery plan.

**JOINT DISCOVERY PLAN**

**(A)    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Defendant Eli Lilly and Company ("Lilly") made its initial disclosures on January 22, 2015.  Plaintiffs provided their initial disclosures on February 9, 2015.  The parties' disclosures contained no changes to the form or requirement for disclosures under Rule 26(a).

**(B)    The subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery will be conducted on the allegations in the Complaint and the defenses in the Answer, including discovery on the Plaintiff's claimed injuries, medical conditions, and alleged damages, Defendant's liability, and general and case-specific causation.  The parties are in

DC: 5608570-3

agreement that the deadlines in a scheduling order should reflect the complex nature of this pharmaceutical products liability case.  This case is one of over forty lawsuits filed throughout the United States alleging personal injuries caused by the discontinuation of the prescription medication Cymbalta.  Because of the volume of similar litigation and the complex nature of the case, the parties agree that discovery should be completed by July 15, 2016, and that the trial of this case should not occur before December 2016 pursuant to the parties' agreement to endeavor to coordinate discovery for all pending cases.  A more detailed schedule agreed by the parties is attached in the Proposed Scheduling Order.

**(C)**     **Any issues about disclosures or discovery of electronically stored information, including the form or forms in which it should proceed.**

The parties are currently discussing the discovery of electronically stored information. At this time, there do not appear to be any special issues related to the disclosure or discovery of electronically stored information.  The parties reserve the right to identify issues that may arise related to disclosures or discovery of electronically stored information.

**(D)**     **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

The Parties agree that an appropriate confidentiality order should be entered by the Court. The Parties will meet and confer regarding an order and provide a proposed order for the Court.

**(E)**     **What changes should be made in the limitation on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

4847-8041-0146.1

At this time, the Parties are not aware of any changes that should be made in the limitations on discovery imposed under the applicable civil rules or any other limitations that should be imposed.

**(F)   Any other orders that the court should issue under Fed. R. Civ. P. 26(c) or under Fed. R. Civ. P. 16(b) and (c).**

None identified at this time.


## ADDITIONAL ISSUES PURSUANT TO COURT'S STANDING ORDER

**(1) Concise Statement of the Nature of the Case:**

*Plaintiff's Position.*  Plaintiff Adam Streeter was prescribed Cymbalta® by his doctor. Plaintiff alleges that when he inadvertently missed a dose of the medication, and again when he quit taking the medication, he suffered from "withdrawal symptoms."  Plaintiff alleges that Lilly: (1) failed to *adequately* warn about the frequency, severity, and duration of "withdrawal symptoms"; (2) failed to *adequately* provide information about how to safely taper off Cymbalta® upon discontinuation; and (3) failed to design a medication and/or pill that could safely be tapered off without significant risks of "withdrawal symptoms."  Plaintiff disagrees with Defendant's position.

*Defendant's Position.*   Since 2004, when Cymbalta was first approved, the FDA-approved package insert for Cymbalta has included a detailed, three-paragraph warning on the potential risk of symptoms upon discontinuation of Cymbalta treatment.  Lilly maintains that the Cymbalta discontinuation warning is adequate as a matter of law, *McDowell v. Eli Lilly and Co.*, -- F. Supp. 3d ---, No. 13-3786, 2014 WL 5801604, at **10-15 (S.D.N.Y. Nov. 7, 2014) (ruling that Cymbalta discontinuation warning is adequate as a matter of law), and that Plaintiffs cannot

3

establish that any alleged inadequacy in the warning was the cause of Plaintiffs' alleged injuries.

*See McDowell*, 2014 WL 5801604 at *15; *Carnes v. Eli Lilly and Co.*, 2013 WL 6622915 at *7

(D.S.C. Dec. 16, 2013).

**(2) Related Cases:**

Dozens of related cases have been filed in various jurisdictions across the country:

Ali v. Eli Lilly & Co., 1:14-cv-01615 (E.D. Va.)
Barrett v. Eli Lilly & Co., 5:14-cv-01675 (C.D. Cal.)
Boling v. Eli Lilly & Co., 8:14-cv-02554 (D. Md.)
Brotherton v. Eli Lilly & Co., 8:14-cv-02876 (M.D. Fla.)
Caporale v. Eli Lilly & Co., 5:14-cv-01662 (C.D. Cal.)
Carpenter v. Eli Lilly & Co., 1:14-cv-540 (D.N.H.)
Cheney v. Eli Lilly & Co., 1:14-cv-02249 (D. Colo.)
Cheshier v. Eli Lilly & Co., 1:14-cv-01265 (E.D. Cal.)
Couch v. Eli Lilly & Co., 1:14-cv-02564 (N.D. Ga.)
Edens v. Eli Lilly & Co., 3:14-cv-00491 (E.D. Tenn.)
Fairbanks v. Eli Lilly & Co., 1:14-cv-02469 (W.D. La.)
Gentry v. Eli Lilly & Co., 2:15-cv-00023 (D. Nev.)
Gollin v. Eli Lilly & Co., 0:14-cv-61810 (S.D. Fla.)
Hagan-Brown v. Eli Lilly & Co., 1:14-cv-01614 (E.D. Va.)
Harris v. Eli Lilly & Co., 1:14-cv-00682 (M.D.N.C.)
Herrera v. Eli Lilly & Co., 2:13-cv-02702 (C.D. Cal.)
Hexum v. Eli Lilly & Co., 2:13-cv-02701 (C.D. Cal.)
Hollowell v. Eli Lilly & Co., 5:14-cv-01663 (C.D. Cal.)
Kaplan v. Eli Lilly & Co., 2:14-cv-02752 (W.D. Tenn.)
Kelly v. Eli Lilly & Co., 4:14-cv-03869 (N.D. Cal.)
Krupp v. Eli Lilly & Co., 8:14-cv-02792 (M.D. Fla.)
Laica-Bhoge v. Eli Lilly & Co., 6:14-cv-01286 (M.D. Fla.)
Loux v. Eli Lilly & Co., 3:14-cv-01287 (D. Or.)
Martin v. Eli Lilly & Co., 1:14-cv-02800 (D. Colo.)
Mayes v. Eli Lilly & Co., 4:14-cv-01759 (N.D. Ohio.)
McCabe v. Eli Lilly & Co., 0:14-cv-03132 (D. Minn.)
O'Shea v. Eli Lilly & Co., 8:14-01274 (C.D. Cal.)
Patterson v. Eli Lilly & Co., 2:14-cv-08527 (C.D. Cal.)
Pickaree v. Eli Lilly & Co., 4:14-cv-3481 (S.D. Tex.)
Pokorny v. Eli Lilly & Co., 4:14-cv-2960 (S.D. Tex.)
Rossero v. Eli Lilly & Co., 2:14-01084 (W.D. Penn.)
Schaffer v. Eli Lilly & Co., 4:14-cv-01483 (E.D. Mo.)
Scherer v. Eli Lilly & Co., 4:14-cv-01484 (E.D. Mo.)
Seagroves v. Eli Lilly & Co., 2:13-cv-01183 (D. Ariz.)
Valentino v. Eli Lilly & Co., 6:14-cv-01816 (M.D. Fla.)
Wagner v. Eli Lilly & Co., 2:14-cv-00270 (E.D. Wash.)

4

Walker v. Eli Lilly & Co., 2:14-cv-01988 (D. Nev.)
Wheeler v. Eli Lilly & Co., 3:14-01882 (S.D. Cal.)
Whitworth v. Eli Lilly & Co., 5:14-cv-00459 (E.D.N.C.)
Williams v. Eli Lilly & Co., 5:14-cv-00460 (E.D.N.C.)
Woodruff v. Eli Lilly & Co., 2:14-cv-01890 (E.D. Cal.)

**(3) Specific Statement of the Material Factual and Legal Issues to be Resolved at Trial:**

The parties anticipate that trial (or pre-trial dispositive motions) will resolve the following issues: (1) whether Defendant's warning concerning the potential risk of symptoms upon discontinuation of Cymbalta treatment was legally adequate, (2) whether Defendant's purportedly inadequate warning caused Plaintiff's injuries (including whether the "learned intermediary" doctrine bars Plaintiff's claims), (3) whether Defendant's design of Cymbalta consumed by Plaintiff included a design defect that caused Plaintiff's injuries; (4) whether Cymbalta was unfit for the ordinary purposes for which it was intended, (5) whether Cymbalta caused Plaintiff's injuries, (5) whether Defendant's actions violated the Wisconsin Consumer Act, W.S.A. 100.20, *et seq.*, and (7) damages, if any.

**(4) Amendments to Pleadings:**

The parties do not anticipate any amended pleadings at this time.

**(5) New Parties to be Added:**

The parties do not anticipate any new parties at this time.

**(6) Estimated Trial Length:**

The parties anticipate a trial of 5-10 days.

Dated: February 12, 2015                    Respectfully submitted,

ADAM STREETER,

By his attorneys,

5

*Meredith Gray*
Michael Woerner, *admitted Pro Hac Vice*
Meredith Gray, *admitted Pro Hac Vice*
KELLER ROHRBACK L.L.P.
1201 Third Ave., Ste. 3200
Seattle, WA 98101
    Telephone: (206) 623-1900
    Facsimile: (206) 623-3384

Lynn R. Laufenberg
State Bar No. 0106236
LAUFENBERG, JASSAK &
    LAUFENBERG, S.C.
115 S. 84th Street, Ste. 250
Milwaukee, WI 53214
Phone: (414) 778-0700
Fax: (414) 778-1770

ELI LILLY AND COMPANY,

By its attorneys,

*Megan Stelljes*
Naikang Tsao
Megan Stelljes
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, WI 53701
(608) 258-4250

Michael X. Imbroscio, *pro hac vice*
Phyllis A. Jones*, pro hac vice*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000

6