## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| ADAM STREETER, | PRELIMINARY PRETRIAL |
| Plaintiff, | CONFERENCE ORDER |
| v. | |
| | 14-cv-555-wmc |
| ELI LILLY AND COMPANY, | |
| Defendant. | |

---

This court held a telephonic preliminary pretrial conference on February 17, 2015. Plaintiff appeared by Meredith Gray and Michael Woerner. Defendant appeared by Megan Stelljes and Phyllis Jones. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and the attachments to it.

The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration. The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences.

## 1.  Amendments to the Pleadings: May 8, 2015

Amendments to the pleadings may be filed and served without leave of court not later than the date set forth above.

2.      **Disclosure of Experts: Plaintiff: March 21, 2016**

**Defendant: April 20, 2016**

**Rebuttal: May 13, 2016**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2).  Supplementation pursuant to Rule 26(e) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert.  Any employee of a party who will be offering expert opinions during any phase of this case must comply with all of these disclosure requirements.

Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may agree between themselves to modify these deadlines and procedures .

3.      **Deadline for Filing Dispositive Motions: June 27, 2016**

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to any dispositive motion must be filed and served within 30 calendar days of service of the motion. Any reply by the movant must be filed and served within 15 calendar days of service of the response. The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will not

consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

4.     **Discovery Cutoff: July 15, 2016**

All discovery in this case must be completed not later than the date set forth above, absent written agreement of all parties to some other date.  Absent written agreement of the parties or a court order to the contrary, all discovery must conform with the requirements of Rules 26 through 37 and 45.  Rule 26(a)(1) governs initial disclosures unless the parties agree in writing to the contrary.

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

A party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed.  All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Any response to a discovery motion must be served and filed within seven calendar days of service of the motion. Replies may not be filed unless requested by the court.


**5.      Settlement Letters: October 7, 2016**

Not later than this date, each party must submit a settlement letter to the clerk of court at [clerkofcourt@wiwd.uscourts.gov](mailto:clerkofcourt@wiwd.uscourts.gov).  The letter should contain the terms and conditions upon which the party would this case.  Such letters should be marked "Under Seal" and should not be sent to opposing counsel. Such letters will not become part of the record in this case.  Upon receipt of the letters, the clerk of court will initiate settlement discussions with counsel.

6.      **Rule 26(a)(3) Disclosures *and* all motions in limine: October 7, 2016**

**Responses: November 4, 2016**

The first date is the deadline to file and serve all Rule 26(a)(3) disclosures, as well as all motions in limine, proposed voir dire questions, proposed jury instructions, and proposed verdict forms.  All responses in opposition are due by the second date.  The format for submitting proposed voir dire questions, jury instructions and verdict forms is set forth in the Procedures Governing Final Pretrial Submissions, which is attached.  The parties should not submit copies of these documents to chambers.

7.      **Final Pretrial Conference: November 15, 2016 at 4:00 p.m.**

Lead counsel for each party must appear in person.  Any deposition that has not been filed with the Clerk of Court by the date of the final pretrial conference shall not be used by any party for any purpose at trial.

8.      **Trial: November 28, 2016 at 9:00 a.m.**

Trial shall be to a jury of eight and shall be bifurcated. The parties estimate that this case will take five to ten days to try.  Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties shall present their evidence using this equipment.  Counsel shall ensure the compatibility of any of their personal equipment with the court's system prior to the final pretrial conference or shall forfeit their right to use any personal equipment that is not compatible with the court's system.

9.      **Reporting Obligation of Corporate Parties.**

All parties that are required to file a disclosure of corporate affiliations and financial

interest form have a continuing obligation throughout this case promptly to amend that form

to reflect any changes in the answers.

Entered this 20th day of February, 2015.

                                        BY THE COURT:

                                        /s/

                                        STEPHEN L. CROCKER
                                        Magistrate Judge

INDEX
TO PRELIMINARY PRETRIAL CONFERENCE PACKET
IN CASES ASSIGNED TO DISTRICT JUDGE WILLIAM M. CONLEY

Mandatory Electronic Filing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

Order in Court Trial Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 48

Order Regarding Timely Presentations of Witnesses and Evidence . . . . . . . Page 52

Procedures Governing Final Pretrial Submissions and Conference . . . . . . . Page 12

Settlement Before Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 47

Standard Jury Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 20

Standard Voir Dire Questions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 15

Summary Judgment Memorandum to Pro Se Litigants . . . . . . . . . . . . . . . Page 3

Summary Judgment Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

Summary Judgment Tips . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

Trial Exhibit Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

Witness Procedures . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 41

## MANDATORY ELECTRONIC FILING

Electronic Case Filing is the standard way of doing business with the District Court in the Western District of Wisconsin.  Effective January 22, 2008, electronic filing is mandatory in all civil and criminal case pending the newly filed.

Information on electronic filing and the court's administrative procedures are available on our website: www.wiwd.uscourts.gov under CM/ECF News.  Resources include Administrative Procedures, Frequently Asked Questions, User Manual, and contact information.

Each lawyer must complete and sign a Lawyer Registration Form, which can be accessed at http://attorneyreg.wiwd.uscourts.gov  The registration form requires the Filing User's name, address, telephone number, and Internet e-mail address.  Upon completion of the electronic registration form, the lawyer prints a copy, signs the form and mails it to the clerk's office.  The clerk's office will retain this signed registration on file.  To ensure that the clerk's office has correctly entered a registering lawyer's e-mail address in the System, the clerk's office will send the lawyer an e-mail message which will include a login and password.

2

## HELPFUL TIPS FOR FILING A SUMMARY JUDGMENT MOTION

## IN CASES ASSIGNED TO JUDGE WILLIAM CONLEY

Please read the attached directions carefully – doing so will save your time and the court's.

**REMEMBER:**

1. <u>All</u> facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact.  This includes facts establishing jurisdiction.  (Think of your proposed findings of fact as telling a story to someone who knows nothing of the controversy.)

2.  The court will not search the record for factual evidence.  Even if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion.

3.  A fact properly proposed by one side will be accepted by the court as undisputed unless the other side properly responds to the proposed fact and establishes that it is in dispute.

4.  Your brief is the place to make your legal argument, not to restate the facts.  When you finish it, check it over with a fine tooth comb to be sure you haven't relied upon or assumed any facts in making your legal argument that you failed to include in the separate document setting out your proposed findings of fact.

5.  A chart listing the documents to be filed by the deadlines set by the court for briefing motions for summary judgment or cross-motions for summary judgment is printed on the last page of the procedures.

3

## MEMORANDUM TO PRO SE LITIGANTS

## REGARDING SUMMARY JUDGMENT MOTIONS

This court expects all litigants, including persons representing themselves, to follow this court's Procedures to be Followed on Motions for Summary Judgment.  If a party does not follow the procedures, there will be no second chance to do so.  Therefore, PAY ATTENTION to the following list of mistakes pro se plaintiffs tend to make when they oppose a defendant's motion for summary judgment:

•       Problem:  The plaintiff does not answer the defendant's proposed facts correctly.

Solution:  To answer correctly, a plaintiff must file a document titled "Response to Defendant's Proposed Findings of Fact."  In this document, the plaintiff must answer each numbered fact that the defendant proposes, using separate paragraphs that have the same numbers as defendant's paragraphs.  See Procedure II.D.  If plaintiff does not object to a fact that the defendant proposes, he should answer, "No dispute."

•       Problem:  The plaintiff submits his own set of proposed facts without answering the defendant's facts.

Solution:  Procedure II.B. allows a plaintiff to file his own set of proposed facts in response to a defendant's motion ONLY if he thinks he needs additional facts to prove his claim.

•       Problem:  The plaintiff does not tell the court and the defendant where there is evidence in the record to support his version of a fact.

4

<u>Solution</u>:  Plaintiff must pay attention to Procedure II.D.2., which tells him how to dispute a fact proposed by the defendant.  Also, he should pay attention to Procedure I.B.2., which explains how a new proposed fact should be written.

• <u>Problem</u>:  The plaintiff supports a fact with an exhibit that the court cannot accept as evidence because it is not authenticated.

<u>Solution</u>:  Procedure I.C. explains what may be submitted as evidence.  A copy of a document will not be accepted as evidence unless it is authenticated.  That means that the plaintiff or someone else who has personal knowledge what the document is must declare under penalty of perjury in a separate affidavit that the document is a true and correct copy of what it appears to be.  For example, if plaintiff wants to support a proposed fact with evidence that he received a conduct report, he must submit a copy of the conduct report, together with an affidavit in which he declares under penalty of perjury that the copy is a true and unaltered copy of the conduct report he received on such and such a date.

<u>NOTE</u> <u>WELL</u>:  If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed.  If a party's response to any proposed fact does not comply with the court's procedures or cites evidence that is not admissible, the court will take the opposing party's factual statement as true and undisputed.  You'll find additional tips for making sure that your submissions comply with the court's procedures on page 9 of this packet.

5

## PROCEDURE TO BE FOLLOWED ON MOTIONS FOR SUMMARY JUDGMENT

### I. MOTION FOR SUMMARY JUDGMENT

A.    Contents:

    1.    A motion, together with such materials permitted by Rule 56(e) as the moving party may wish to serve and file; and

        2.    In a separate document, a statement of proposed findings of fact or a stipulation of fact between or among the parties to the action, or both; and

        3.    Evidentiary materials (see I.C.); and

        4.    A supporting brief.

B.    Rules Regarding Proposed Findings of Fact:

        1.    Each fact must be proposed in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition.

    2.    Each factual proposition must be followed by a reference to evidence supporting the proposed fact.  For example,

        "1.  Plaintiff Smith bought six Holstein calves on July 11, 2006.   Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3."

    3.    The statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor.  For example, the proposed findings shall include factual statements relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute.

    4.    The court will not consider facts contained only in a brief.

6

C.    Evidence

    1.    As noted in I.B. above, each proposed finding must be supported by admissible evidence.  The court will not search the record for evidence. To support a proposed fact, you may use:

        a.    Depositions.  Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony;

        b.    Answers to Interrogatories.  State the number of the interrogatory and the party answering it;

        c.    Admissions made pursuant to Fed. R. Civ. P. 36. (state the number of the requested admission and the identity of the parties to whom it was directed); or

        d.    Other Admissions.  The identity of the document, the number of the page, and paragraph of the document in which that admission is made.

        e.    Affidavits.  The page and paragraph number, the name of the affiant, and the date of the affidavit.  (Affidavits must be made by persons who have first hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

        f.    Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties.  (State exhibit number, page and paragraph.)

## II.  RESPONSE TO MOTION FOR SUMMARY JUDGMENT

A.    Contents:

    1.    A response to the moving party's proposed finding of fact; and

    2.    A brief in opposition to the motion for summary judgment; and

    3.    Evidentiary materials (See I.C.)

7

B.    In addition to responding to the moving party's proposed facts, a responding party may propose its own findings of fact following the procedure in section I.B. and C. above.

  1.    A responding party should file additional proposed findings of fact if it needs them to defeat the motion for summary judgment.

  2.    The purpose of additional proposed findings of fact is to SUPPLEMENT the moving party's proposed findings of fact, not to dispute any facts proposed by the moving party. They do not take the place of responses.  Even if the responding party files additional proposed findings of fact, it MUST file a separate response to the moving party's proposed findings of fact.

C.    Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.

D.    Rules Regarding Responses to the Moving Party's Proposed Factual Statements:

  1.    Answer each numbered fact proposed by the moving party in separate paragraphs, using the same number.

  2.    If you dispute a proposed fact, state your version of the fact and refer to evidence that supports that version.  For example,

Moving party proposes as a fact:

  "1.  Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006.  Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3."

Responding party responds:

  "1.  Dispute.  The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull.  John Dell Affidavit, Feb. 1, 2007,  Exh. A."

  3.    The court prefers but does not require that the responding party repeat verbatim the moving party's proposed fact and then respond to it.  Using this format for the example above would lead to this response by the responding party:

  "1.  *Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006.  Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.*"

  "**Dispute**. The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull."  John Dell Affidavit, Feb. 1, 2007,  Exh. A."

4.      When a responding party disputes a proposed finding of fact, the response must be limited to those facts necessary to raise a dispute. The court will disregard any new facts that are not directly responsive to the proposed fact.  If a responding party believes that more facts are necessary to tell its story, it should include them in its own proposed facts, as discussed in II.B.

E.    Evidence

1.      Each fact proposed in disputing a moving party's proposed factual statement and all additional facts proposed by the responding party must be supported by admissible evidence.  The court will not search the record for evidence. To support a proposed fact, you may use evidence as described in Procedure I.C.1. a. through f.

2.      The court will not consider any factual propositions made in response to the moving party's proposed facts that are not supported properly and sufficiently by admissible evidence.

### III.  <u>REPLY BY MOVING PARTY</u>

A.  Contents:

1.      An answer to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials; <u>and</u>

2.      An answer to each additional numbered factual statement proposed by the responding party under Procedure II.B., if any, together with references to evidentiary materials; <u>and</u>

3.      A reply brief; <u>and</u>

4.      Evidentiary materials (see I.C.)

B.      If the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts at the same time as its reply, following the procedure in section II.

C.     When the moving party answers the responding party's responses to the moving party's original proposed findings of fact, and answers the responding party's additional proposed findings of fact, the court prefers but does not require that the moving party repeat verbatim the entire sequence associated with each proposed finding of fact so that reply is a self-contained history of all proposed facts, responses and replies by all parties.

### IV.  <u>SUR-REPLY BY RESPONDING PARTY</u>

A responding party shall not file a sur-reply without first obtaining permission from the court.  The court only permits sur-replies in rare, unusual situations.

### MOTION FOR SUMMARY JUDGMENT

| Deadline 1 | Deadline 2 | Deadline 3 |
|---|---|---|
| (All deadlines appear in the Preliminary Pretrial Conference Order Sent to the Parties Earlier) moving party's motion moving party's brief moving party's proposed findings of fact | non-moving party's response brief non-moving party's response to moving party's proposed findings of fact non-moving party's additional proposed findings of fact | moving party's reply brief moving party's reply to non-moving party's response to moving party's proposed findings of fact moving party's response to non-moving party's additional proposed findings of fact, if any. |

CROSS MOTIONS FOR SUMMARY JUDGMENT

| Deadline 1 | Deadline 2 | Deadline 3 |
|---|---|---|
| (All deadlines appear in the Preliminary Pretrial Conference Order Sent to the Parties Earlier) defendant's motion defendant's brief defendant's proposed findings of fact | plaintiff's response brief plaintiff's response to defendant's proposed findings of fact | defendant's reply brief defendant's reply to plaintiff's response to defendant's proposed findings of fact |
| plaintiff's motion plaintiff's brief plaintiff's proposed findings of fact | defendant's response brief defendant's response to plaintiff's proposed findings of fact | plaintiff's reply brief plaintiff's reply to defendant's response to plaintiff's proposed findings of fact |

PROCEDURES GOVERNING FINAL PRETRIAL SUBMISSIONS AND CONFERENCE

## FOR JURY TRIAL

I. The preliminary pretrial conference order provides the deadline for the initial pretrial submission of Rule 26(a)(3) disclosures and motions in limine. In addition,

    A. On or before the date identified in the Preliminary Pretrial Conference Order, the parties shall provide opposing counsel and the court:

        1. Rule 26(a)(3) disclosures.

        2. Motions in limine.

        3. Exhibit lists. Any exhibits not listed shall be excluded from admission into evidence except upon good cause shown. Please use the trial exhibit form available on the court's website (http://www.wiwd.uscourts.gov/forms).

        4. A list of portions of depositions, to be offered into evidence at trial, by page and line references for witnesses unavailable at trial. Extensive reading from depositions is strongly discouraged. Toward that end, the proponent of a deposition may -- though is not required to -- prepare a written narrative summary of some or all deposition transcripts the party intends to offer into evidence, with annotated page and line references in parenthesis after each sentence, in lieu of part or all of the narrative of questions and answers.

        5. Suggested voir dire questions in addition to the attached standard questions, if any. The parties should <u>not</u> duplicate the standard questions.

        6. Proposed verdict forms.

        7. Suggested jury instructions in addition to the attached standard instructions, if any. The parties should <u>not</u> duplicate the standard instructions.

        8. A short, written narrative statement of the background and experience of each expert, if any. These statements will be read to the jury and no proof will be received on the matters covered.

9.   In addition to electronically filing voir dire questions, verdict forms and jury instructions, please submit to the court an electronic copy of each in Microsoft Word format to wiwd_wmc@wiwd.uscourts.gov.

B. By the response deadline set in the Preliminary Pretrial Conference Order, the parties shall provide opposing counsel and the court:

1.   Responses to motions in limine.

2.   Objections to exhibits.  Please submit any objections on the trial exhibit list submitted by the opposing party.

3.   Responses to opposing parties' voir dire questions, verdict forms, and jury instructions.

4.   Objections and counter designations to proffered deposition designations.

C. Counsel are directed to consult in good faith and reach resolution on the admissibility of exhibits to the extent possible.  Each party shall file hard copies of any *contested* exhibits they intend to offer with the court by 12:00 p.m. the Friday before the final pretrial conference.

II. In submitting proposed jury instructions, the parties shall include the citation of the pattern instruction, decision, statute, regulation or other authority supporting the proposition stated, with any additions underscored and any deletions set forth in parentheses.  Parties may submit briefs in support of their proposed jury instructions.

III. The parties shall submit courtesy copies of all depositions to be used at trial by the Friday before the final pretrial conference.

IV. Each party shall be represented at the final pretrial conference by the lawyer who will actually try the case unless the party is proceeding *pro se*, in which case the *pro se* party must appear.  A party represented by counsel shall also be present in person unless

A. Counsel has been delegated with full authority to settle the case; or

B. Attendance in person is impossible and arrangements are made for communication by telephone during the entire duration of the conference for the purpose of acting upon settlement proposals.

## PROCEDURES FOR TRIAL EXHIBITS

Before trial, the parties are to label all exhibits that may be offered at trial.  Before the start of trial, the parties are to provide the deputy clerk with a list of all exhibits.  Exhibits for use at trial are not subject to the electronic filing procedures, but may be filed conventionally.  Counsel are to retain the original exhibits following trial.

1.  Each party is to submit a list of their exhibits.  The party should state to whom the exhibits belong, the number of each exhibit and a brief description.

2.  Each party is to provide the court with the original exhibit list and a copy of each exhibit that may be offered for the judge's use.

3.  As a general rule, the plaintiff should use exhibit numbers 1 – 500, and the defendant should use exhibit numbers 501 and up.

4.  Each party is to maintain custody of his or her own exhibits throughout the trial.

5.  At the end of trial, each party is to retain all exhibits that become a part of the record.  It is each party's responsibility to maintain his or her exhibits and to make arrangements with the clerk's office for inclusion of the exhibits in the appeal record, if there is an appeal.

6.  Each party should be aware that once reference is made to an exhibit at trial, the exhibit becomes part of the record, even though the exhibit might not be formally offered or might not be received.

Any questions concerning these instructions may be directed to the clerk's office at (608) 264-5156.

Entered this 11th day of May, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

## COURT'S STANDARD COMBINED REMARKS AND VOIR DIRE QUESTIONS

I am Judge Conley.  You are here for possible jury service in case no. __-cv-___-wmc:  [plaintiff] versus [defendant].   Many people approach jury service with apprehension and anxiety, but if each of us does our job, most people end up feeling that jury service was a worthwhile, even gratifying, experience.

This United States Courthouse that you entered this morning is not the judges' courthouse; nor is it the lawyers' courthouse; nor even the litigants' courthouse.  Indeed, this is *your* system of justice.  This building belongs to the public; and it is important that each of us realize that it is the public's business that is being conducted here.

To be able to continue to serve you better, we seek your input.  Each of you has a stake in this system.  When this trial concludes you will be asked to help us improve your system of justice by telling us anonymously what we did right and what we did wrong by filling out an evaluation form for us.  We cannot serve the public and improve our system of justice without each of your valuable contributions.

Each of us should realize how unique the American system of justice is.   Other than by paying taxes and voting, this is probably the most important duty that most of us will undertake in support of our system of government.   If we realize how unique our system is, and how dependent it is on good people like you, only then can we truly understand and appreciate it.

Trial by jury has been eliminated in many countries of the world.  The United States justice system is the place where most of the jury trials in the world are now held.

We have the highest involvement of non-lawyers of any system in the world.  That is a heritage handed down by the people who founded our country.  I cannot describe its importance any better than the U.S. Supreme Court Justices did in the video you watched this morning, and so won't try to do so.

Instead, I will try to give you a sense of your role as jurors.  My job in a trial is to decide legal questions and the jurors' job is to decide fact questions.  The judge decides what kind of evidence is admissible and he also instructs the jurors at the end of the trial as to the law that they must apply in deciding the case.  These instructions provide the legal yard stick by which the jurors must measure the evidence in order to decide the case.

The jurors decide what the facts are -- that is, they decide from the evidence that is received during the trial what actually happened.  An important part of the jurors' job is to decide what testimony to believe and what testimony not to believe.  At the end of a civil case, the jurors decide whether the plaintiff has proven his case against the defendant by a preponderance of the evidence.

In deciding what actually happened, the jurors are searching for the truth.  Many people in fact define a trial as a search for the truth.

The trial begins with Voir Dire, which literally means from the Latin and French "to speak the truth" or "to inquire."  Consistent with these definitions, the purpose of voir dire is to ask a series of questions of jury panel members and obtain candid, truthful

responses to help ensure that we seat a jury comprised of impartial individuals -- a fundamental right of both parties.

The clerk has already seated the first 14 prospective jurors in the jury box.  All prospective jurors, whether seated in the box or not, should listen carefully as they may be called and asked the same or similar questions.

The deputy clerk will now swear the entire jury panel.

I want to introduce each of you to our court personnel:

    A.  Judge William Conley
    B.  Deputy Clerk _____

[after introduction, inquire if anyone on the jury knows them]

QUESTIONS

1.    <u>Statement of the case</u>:  [A very brief, concise description of plaintiff's claims and defendant's defenses.]

    a.  Have any one of you ever heard of this case before today?  How?  When?
    b.  When you heard about it, did you form any opinion concerning the case?
    c.  Do you believe that your ability to serve impartially as a juror in this case has been affected by what you have heard about it?

1.    The trial of this case will begin _____ and will last _____ days.  The trial day will run from 8:30 a.m. until 5:30 p.m., unless I determine sufficient progress is not being made, in which case we may begin a little sooner or end later.  You will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon.  Is there any one of you who would be unable to serve as a juror during this time for any reason for any reason, including vision, hearing or other health limitation?

**23**
23

2.   Counsel to stand and tell the jury where they practice and with whom.  Ask panel whether anyone knows counsel or their associates or partners.

3.   Counsel to introduce their client, including any party representative at counsel table.   Ask panel whether anyone knows any of the parties or corporate representative.

4.   The parties expect to call the following people as witnesses in this case.  Please raise your hand if you know any of these people:
   a.   [list witnesses]

5.   Question to prospective jurors.
   a.   Please stand up and tell us about yourself.
   b.   Examples:
      1.   Name, age, and city or town of residence.
      2.   Where born and raised.
      3.   Marital status and number of children, if any.
      4.   Current occupation (former if retired).
      5.   Current (or former) occupation of your spouse or domestic partner.
      6.   Any military service, including branch, rank and approximate date of discharge.
      7.   How far you went in school and major areas of study, if any.
      8.   Memberships in any groups or organizations.
      9.   Hobbies and leisure-time activities.
      10.   Favorite types of reading material.
      11.   Favorite types of television shows, movies, music or other entertainment
      12.   Bumper stickers, letters to editor or call in to radio or TV show.

6.   Question regarding prior experience with court proceedings:
   a.   Have any of you ever been a party to a lawsuit?  Describe circumstances.

   b.   Have any of you ever been a witness in a lawsuit?

   c.   How many of you have served previously on a jury?  Of those of you who have, please describe your experience.  Were you ever the foreperson on a jury?

   d.   Do any of you know any of the other persons on the jury panel?

7.    Questions to panel:

Some of the following questions might require you to reveal personal or sensitive information.  If you would feel more comfortable discussing the answers to these questions more privately, please indicate so, and we will have a sidebar discussion.

    a.  [insert questions specific to this case]

1.    At the end of the case, I will give you instructions that will govern your deliberations.  You are required to follow those instructions, even if you do not agree with them.  Is there any one of you who would be unable or unwilling to follow the instructions?

2.    Do you know of any reason whatsoever why you could not sit as a trial juror with absolute impartiality to all the parties in this case?

## STANDARD JURY INSTRUCTIONS -- CIVIL

**I.  Introductory Instructions**

**II.  Closing Instructions** (Read at the close of evidence of the liability phase, prior to closing arguments.)

III. Deliberations Instructions (Read after closing arguments.)

IV. Damages Instructions

## I. INTRODUCTORY INSTRUCTIONS

Members of the jury, we are about to begin the trial of the case.  Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff.  In this action, the plaintiff is [insert].  The party against whom the suit is brought is called the defendant.  In this action, the defendant is [insert].

[Describe claims and basic legal elements of claims and defenses.]

Order of Trial

The case will proceed as follows:

First, plaintiff's counsel will make an opening statement outlining plaintiff's case. Immediately after plaintiff's statement, defendants' counsel will also make an opening statement outlining defendants' case.  What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, the plaintiff will introduce evidence in support of its claim.  At the conclusion of the plaintiff's case, the defendants may introduce evidence.  The defendants are not required to introduce any evidence or to call any witnesses.  If the defendants introduce evidence, the plaintiff may then introduce rebuttal evidence.

Third, after the evidence is presented, the parties' counsel will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence.  What is said in closing argument is also not evidence.  You will ultimately be asked to decide what the evidence proves or does not prove.  The plaintiff has the right to give the first closing argument, because it generally has the burden of proof and to make a short rebuttal argument after the defendants' closing argument.

Fourth, I will instruct you on the law that you are to apply in reaching your verdict.

Fifth, you will retire to the jury room and begin your deliberations.

You have heard and will hear the term "burden of proof" used during this trial.  In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim.  At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

The trial day will generally run from 8:30 a.m. until 5:30 p.m., unless the case appears at risk of going beyond its promised length, in which case I may ask you to arrive a little earlier or stay later.  You will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon.

Breaks and Recesses

During breaks and recesses, as well as the end of each day, please keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial.  The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial.  You should not reach a conclusion until you have heard all of the evidence, have heard the lawyers' closing arguments and my instructions to you on the law, and have retired to deliberate with the other members of the jury.  Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

Second, I know that many of you use cell phones, Blackberries, the internet and other tools of technology.  I must warn you, in particular, against commenting about the trial, talking to anyone about this case or using these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and You Tube.  There have been news accounts recently about cases that have had to be re-tried because a member of the jury communicated electronically about the case during the trial.  You can imagine what this would mean in the cost of a re-trial, the inconvenience to your fellow jurors whose work would have gone for nothing and the stress experienced by the parties.

Third, do not permit any person to discuss the case in your presence.  If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able.  <u>Do not</u> discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Fourth, although it is a normal human tendency to converse with people with whom one is thrown in contact, please do not talk to any of the parties or their attorneys or witnesses.  By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day.  In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors.  The parties, attorneys and witnesses are similarly admonished, so please don't be offended when they avoid interactions with you.

Fifth, you, as jurors must decide this case based solely on the evidence presented *here* within the four walls of this courtroom.  No matter how interested you may become in the facts of the case, you must not do *any* independent research, investigation or experimentation.   This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case.  In other words, you should not consult dictionaries or reference materials, read newspapers, listen to the radio or television.  And, again, I would especially admonish you regarding the use of internet, especially search engines, websites, blogs, or any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.  If an internet or newspaper headline catches your eye, or a

television news lead catches your ear, do not examine the article or listen further.  For anyone familiar with the facts of a story, you know that media accounts tend to be incomplete at best and often inaccurate at worst.  Internet accounts are even worse.  News accounts or internet blogs may also contain matters that are not proper for your consideration as a matter of law.  However imperfect they may be, the rules of evidence have been developed over hundreds of years for a reason:  they are the best means we've come up with to provide parties a fair hearing.  For this reason, you are required to base your verdict solely on the evidence produced in court.

Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

Objections

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses.  When they do so, it is because they believe the

question or answer is legally improper and they want me to rule on it.  Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.  Again, there are good reasons that certain evidence is excluded and it is important that you respect these rulings and directions.

Questions

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

If you wish to ask a question about something you do not understand, write it down on a separate slip of paper.  If, when the lawyers have finished all of their questioning of the witness, the question is still unanswered to your satisfaction, raise your hand, the bailiff will take your written question from you.  I will then review it, show it to counsel, and decide whether it is a question that can be asked.  If it cannot, I will tell you that.  I will try to remember to ask about questions after each witness has testified.

Notetaking

If you want to take notes, there are notepads and pencils for taking notes next to the jury bench.  This does not mean you have to take notes; take them only if you want to and if you think they will help you to recall the evidence during your deliberations.  Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses.  Keep in mind that just

because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing.  No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence.  Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being reported, you should not expect to be able to use trial transcripts in your deliberations.  You will have to rely on your own memories.

Evidence

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel.  You may consider only evidence that is admitted into the record.

In deciding the facts of this case, you are not to consider the following as *evidence*: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Evidence may be either direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

Contradictory or Impeaching Evidence

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial. You cannot consider as evidence in this trial what was said earlier before the trial began.

There are two exceptions to this general rule.  The first is for witnesses who are the actual parties in the case.  If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.  The second is for statements made in earlier depositions by witnesses who are now unavailable.


Depositions

During the course of a trial the lawyers will refer to and read from depositions. Depositions are transcripts of testimony taken from witnesses while the parties are preparing for trial. Deposition testimony is given under oath, just like the testimony at this trial. You should give it the same consideration you would had those witnesses testified here in court.

Drawing of Inferences

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts you find have been proved, such reasonable conclusions as seem justified in the light of your own experience and common sense.

Experts

During this phase of the trial, you will hear expert testimony. A person's training and experience may make him or her a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. It is up to you to decide whether you believe the expert's testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the expert's background of training and experience is sufficient for him or her to give the expert opinion that you heard, and whether the expert's opinions are based on sound reasons, judgment, and information.

An expert witness may be asked a question based on assumptions that certain facts are true and then asked for his or her opinion based upon that assumption. Such an opinion is of use to you only if the opinion is based on assumed facts that are proven

later.  If you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer the expert gave to the question.

I hope that for all of you this case is interesting, noteworthy and ultimately gratifying.

## II. CLOSING INSTRUCTIONS

1. **Introduction**

Ladies and Gentlemen of the Jury:

You are about to hear closing arguments of the parties.  Before these arguments, I will instruct you on the law.  After closing arguments, I will provide very brief instructions governing your deliberations.  After that, the case will be in your hands.

It is my job to decide what rules of law apply to the case and to explain those rules to you.  It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them.  You must follow all of the rules; you may not follow some and ignore others.

The case will be submitted to you in the form of a special verdict consisting of 2 questions.  [Read special verdict form.]  In answering the questions, you should consider only the evidence that has been received at this trial.  Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

Note that certain questions in the verdict are to be answered only if you answer a preceding question in a certain manner.  Read the introductory portion of each question very carefully before you undertake to answer it.  Do not answer questions needlessly.

## 2. Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  On the liability questions in the special verdict, the burden of proof is on the party contending that the answer to a question should be "yes."  You should base your decision on all of the evidence, regardless of which party presented it.

## 3. Answers Not Based on Guesswork

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof.  Your answers are not to be based on guesswork or speculation.  They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration.

## 4. Liability

[Insert instructions specific to this case.]

### III. DELIBERATIONS INSTRUCTIONS

5. **Introduction**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence, the law and the arguments, I will give you the instructions that will govern your deliberations in the jury room. The decision you reach in the jury room must be unanimous. In other words, you must all agree on the answer to each question. Your deliberations will be secret. You will never have to explain your verdict to anyone. If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea. It is your job, not mine, to decide the facts of this case.

6. **Selection of Presiding Juror; Communication with the Judge; Verdict**

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide or select whomever you like as a presiding juror. When thinking about who should be presiding juror, you may want to consider the role that the presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of insuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about the other juror's point

of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me.  <u>However</u>, do <u>not</u> tell me how you stand as to your verdict, numerically or otherwise on the issue submitted.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.

When you have reached a decision, the presiding juror will sign the verdict form, put a date on it, and all of you will return with the verdict into the courtroom.

7. **Suggestions for Conducting Deliberations**

In order to help you determine the facts, you may want to consider discussing one question at a time, and use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements for each claim or defense.  I also suggest that any public votes on a verdict be delayed until everyone has a chance to say what they think without worrying what others on the panel might think of their opinion.  I also suggest that you assign separate tasks, such as note taking, time keeping and recording votes to more than one person to help break up the workload during your deliberations.

## IV. DAMAGES INSTRUCTIONS

**8. Compensatory Damages**

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. You may award Plaintiff damages for the mental or emotional pain and suffering that he has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

**9. Punitive Damages**

You may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant.  You may assess punitive damages only if you find that Defendant's conduct was in reckless disregard of Plaintiff's rights.  An action is in reckless disregard of plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party.  In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Defendant and Plaintiff;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Defendant suffered.

### 1. Patent: Lost Profits

Lost profit damages are those profits, if any, Plaintiff has proved it lost because of the infringement.  They are not the profits the infringer made.

To recover lost profits, Plaintiff must show a causal relationship between the infringement and its loss of profit.  In other words, Plaintiff must show that, but for the infringement, there is a reasonable probability that it would have earned higher profits.

Plaintiff is pursuing lost profits under two theories: lost sales and price erosion. To recover lost profits under either of the two theories, Plaintiff must prove:

1) there was a demand for the patented product;

2) there were no available, acceptable, noninfringing substitute products;

3) Plaintiff had the manufacturing and marketing capacity to make any infringing sales actually made by Defendant and for which Plaintiff seeks an award of lost profits -- in other words, that Plaintiff was capable of satisfying the demand; and

4) the amount of profit that Plaintiff would have made on lost sales if Defendant had not infringed.

## A. Lost Profits Due to Lost Sales

*First*, Plaintiff is entitled to lost profits if it establishes the four elements identified above.  With respect to the amount of profit, Plaintiff must prove the amount of profit that it would have made on lost sales if Defendant had not infringed.

## B. Lost Profits Due to Price Erosion

*Second*, Plaintiff contends that it lost profits because it had to charge lower prices and had to forego price increases for its products because of Defendant's infringement. In order to show entitlement to price erosion damages, Plaintiff must prove the four elements identified above and an additional two elements by a preponderance of the evidence.  The first additional element is that Plaintiff must show that "but for" Defendant's infringement, Plaintiff would have reduced its prices less or sold its products at higher prices.  If other market forces, and not Defendant's infringement, were more likely than not the cause of any decision by Plaintiff to charge lower prices or to forego

43

price increases, then Plaintiff is not entitled to lost profits due to price erosion. The second additional element is that Plaintiff was required to present credible economic evidence to show the effect of the higher prices on the demand for Plaintiff's product. In other words, Plaintiff was required to present credible evidence of the decrease in sales, if any, that would have occurred at the higher hypothetical price. If Plaintiff proves both elements necessary to establish lost profits due to price erosion, it is entitled to recover the marginal profits lost as a result of its lowered prices and foregone price increases on sales that Plaintiff would have made, in addition to any profits it lost due to sales it did not make because of Defendant's infringement.

### 1.   Patent: Reasonable Royalty

If you find that Plaintiff has not proved that it should recover lost profits, or that it has only proved lost profits for some of Defendant's infringing sales, then for those infringing sales for which you do not award lost profits, you should determine the amount Plaintiff has proved to be a reasonable royalty.

A royalty is an amount of money that someone pays a patent owner to be able to use the patented invention. A reasonable royalty is the royalty that would be reasonable for the infringer to pay and for the patent owner to accept for use of a patent that they both consider valid and that the infringer wants to use.

You are to decide what a reasonable royalty would be based on circumstances as of the time just before the infringement started. You should assume that the parties knew at that time such things as the level of sales and profits that the infringer would make using the invention. You should also assume that the patent owner was willing to grant

the infringer a license to sell or use the patented invention and that the infringer was willing to pay for that license.

In deciding what is a reasonable royalty, you may consider the factors that the parties would consider in setting the amount that should be paid.  I will list for you a number of factors you may consider.  This is not every possible factor, but it will give you an idea of the kinds of things to consider in setting a reasonable royalty.

1) Any royalties that others paid to the patent owner for the patented invention;

2) Royalties paid by the infringer or by others for patents comparable to the asserted patents.

3) The nature and scope of the license, as exclusive or nonexclusive, or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold.

4) Whether or not the patent owner has a policy of licensing or not licensing the patents.

5) Whether or not the patent owner and the infringer are competitors.

6) Whether being able to use the patented invention helps in making sales of other products or services.

7) The duration of the patent and the term of the license.

8) The profitability of the products made using the patents, and whether or not they are commercially successful or popular.

9) The advantages and benefits of using the patented inventions over old modes or devices, if any, that had been used for working out similar results.

10) The nature of the patented invention, the character of the commercial embodiments of it as owned and produced by the patent owner, and the benefits to those who have used the invention.

11) The extent of the infringer's use of the patented inventions and the value of that use to the infringer.

12) Any royalty amounts that are customary for similar or comparable patented inventions.

13) The portion of the profit that is due to the patented inventions, as compared to the portion of the profit due to other factors, such as unpatented elements or unpatented manufacturing processes, or features or improvements developed by the infringer.

14) Expert opinions as to what would be a reasonable royalty.

## PROCEDURES FOR CALLING WITNESSES TO TRIAL

At trial, plaintiff will have to be ready to prove facts supporting his claims against the defendants.  One way to offer proof is through the testimony of witnesses who have personal knowledge about the matter being tried.  If a party wants witnesses to be present and available to testify on the day of trial, the party must follow the procedures explained below. ("Party" means either a plaintiff or a defendant.)   These procedures must be followed whether the witness is:

   1) A defendant to be called to testify by a plaintiff; or

   2) A plaintiff to be called to testify by a defendant; or

   3) A person not a party to the lawsuit to be called to testify by either a plaintiff or a defendant.


# I.   PROCEDURES FOR OBTAINING ATTENDANCE OF INCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY

An incarcerated witness who tells a party that he is willing to attend trial to give testimony cannot come to court unless the court orders his custodian to let him come.  The court must issue an order known as a writ of habeas corpus ad testificandum.  This court will not issue such a writ unless the party can establish to the court's satisfaction that

   1) The witness has agreed to attend voluntarily; and

   2) The witness has actual knowledge of facts directly related to the issue to be tried.


   A witness's willingness to come to court as a witness can be shown in one of two ways.

a.  The party can serve and file an affidavit declaring under penalty of perjury that the witness told the party that he or she is willing to testify voluntarily, that is, without being subpoenaed.  The party must say in the affidavit when and where the witness informed the party of this willingness;

**OR**

b.  The party can serve and file an affidavit in which *the witness* declares under penalty of perjury that he or she is willing to testify without being subpoenaed.

The witness's actual knowledge of relevant facts may be shown in one of two ways.

a.  The party can declare under penalty of perjury that the witness has relevant information about the party's claim.  However, this can be done only if the *party* knows first-hand that the witness saw or heard something that will help him prove his case.  For example, if the trial is about an incident that happened in or around a plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and witnessed the incident, the plaintiff may tell the court in an affidavit what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or hear what occurred;

**OR**

b.  The party can serve and file an affidavit in which *the witness* tells the court what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or hear what occurred.

<u>Not later than four weeks before trial,</u> a party planning to use the testimony of an incarcerated witness who has agreed to come to trial must serve and file a written motion for a court order requiring the witness to be brought to court at the time of trial.  The motion must

1) State the name and address of the witness; and

2) Come with an affidavit described above to show that the witness is willing to testify and that the witness has first-hand knowledge of facts directly related to the issue to be tried.

When the court rules on the motion, it will say who must be brought to court and will direct the clerk of court to prepare the necessary writ of habeas corpus ad testificandum.

## II. PROCEDURE FOR OBTAINING THE ATTENDANCE OF INCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY

If an incarcerated witness refuses to attend trial, TWO separate procedures are required. The court will have to issue a writ of habeas corpus ad testificandum telling the warden to bring the witness to trial <u>and</u> the party must serve the witness with a subpoena.

<u>Not later than four weeks before trial</u>, the party seeking the testimony of an incarcerated witness who refuses to testify voluntarily must file a motion asking the court to issue a writ of habeas corpus ad testificandum <u>and</u> asking the court to provide the party with a subpoena form.  (All requests from subpoenas from pro se litigants will be sent to the judge for review before the clerk will issue them.)

The motion for a writ of habeas corpus ad testificandum will not be granted unless the party submits an affidavit

1) Giving the name and address of the witness; and

2) Declaring under penalty of perjury that the witness has relevant information about the party's claim.  As noted above, this can be done only if the *party* knows first-hand that the witness saw or heard something that will help him prove his case.  In the affidavit, the party must tell the court what happened, when and where the incident occurred, who was present, and how the witness was in a position to see or to hear what occurred.

The request for a subpoena form will not be granted unless the party satisfies the court in his affidavit that

1) The witness refuses to testify voluntarily;

2) The party has made arrangements for a person at least 18 years of age who is not a party to the action to serve the subpoena on the witness; <u>or</u>

3) The party is proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action and needs assistance from the United States Marshal or a person appointed by the court.

If the court grants the party's request for a subpoena for an incarcerated witness, it

will be the party's responsibility to complete the subpoena form and send it to the person

at least 18 years of age who will be serving the subpoena or to the United States Marshal, if the court has ordered that the subpoena be served by the Marshal.  The address of the United States Marshal is 120 N. Henry St., Suite 440, Madison, Wisconsin, 53703.  If the subpoena is not received by the marshal <u>at least two weeks in advance of trial</u>, the marshal may not have enough time to serve the subpoena on the party's witness.

## III. UNINCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY

It is the responsibility of the party who has asked an unincarcerated witness to come to court to tell the witness of the time and date of trial.  No action need be sought or obtained from the court.

## IV. UNINCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>no later than four weeks before trial</u>, the party must serve and file a request for a subpoena form.  All parties who want to subpoena an unincarcerated witness, even parties proceeding <u>in forma pauperis</u>, must be prepared to tender an appropriate sum of money to the witness at the time the subpoena is served.  The appropriate sum of money is a daily witness fee and the witness's mileage costs.  In addition, if the witness's attendance is required for more than one trial day, an allowance for a room and meals must be paid.  The current rates for daily witness fees, mileage costs and room and meals may be obtained either by writing the clerk of court at P.O. Box 432, Madison, Wisconsin, 53703, or calling the office of the clerk at (608) 264-5156.

Before the court will grant a request for a subpoena form for an unincarcerated witness, the party must satisfy the court by affidavit declared to be true under penalty of perjury that

1) The witness refuses to testify voluntarily;

2) The party has made arrangements for a person at least 18 years of age who is not a party to the action to serve the subpoena on the witness; <u>or</u>

3) The party is proceeding in forma pauperis, has been unable to arrange for service of the subpoena by a person at least 18 years of age who is not a party to the action and needs assistance from the United States Marshal or a person appointed by the court; and

4) The party is prepared to tender to the marshal or other individual serving the subpoena a check or money order made payable to the witness in an amount necessary to cover the daily witness fee and the witness's mileage, as well as costs for room and meals if the witness's appearance at trial will require an overnight stay.

If the court grants the party's request for a subpoena for an unincarcerated witness, it will be the party's responsibility to complete the subpoena form and send it to the person at least 18 years of age who will be serving the subpoena or to the United States Marshal, if the court has ordered that the subpoena be served by the marshal, together with the necessary check or money order.  The address of the United States Marshal is 120 N. Henry St., Suite 440, Madison, Wisconsin, 53703.  If the subpoena is not received by the marshal at least two weeks in advance of trial, the marshal may not have enough time to serve the subpoena on the party's witness.

## V.  SUMMARY

The chart below may assist in referring you to the section of this paper which sets forth the appropriate procedure for securing the testimony of witnesses in your case.

WITNESSES

| INCARCERATED | | UNINCARCERATED | |
|---|---|---|---|
| VOLUNTARY | INVOLUNTARY | VOLUNTARY | INVOLUNTARY |
| A court order that the witness be brought to court is required.  Papers are due 4 weeks before trial. | A court order that the witness be brought to court and a subpoena are required.  A motion must be served & filed 4 weeks before trial.  Subpoena forms must be completed 2 weeks before trial. | Nothing need be sought or   obtained from the court. | Pro se parties must obtain an order granting issuance of a subpoena.  Papers are due 4 weeks before trial.   Completed forms and fees are due 2 weeks before trial. |

## MEMO TO COUNSEL

If a case is **settled on the weekend before trial**, the court should be notified immediately by calling Clerk of Court Peter Oppeneer at (608) 287-4875.   This notification will enable the Clerk to call off unneeded jurors and to advise the trial judge to discontinue working on the case.   The same procedure should be followed to report last-minute emergencies which might affect the start of the trial.

## ORDER IN COURT TRIAL CASES

Counsel are hereby directed to observe the following requirements in preparing for a trial to the court:

**1.** No later than <u>TWO WEEKS</u> IN ADVANCE OF THE TRIAL counsel are to confer for the following purposes:

    **a.** To enter into written stipulations of uncontested facts in such form that they can be offered at trial as the first evidence presented by the party desiring to offer them.  If there is a challenge to the admissibility of some uncontested facts that one party wishes included, the party objecting and the grounds for objection must be stated.

    **b.** To make any deletions from their previously-exchanged lists of potential trial witnesses.

    **c.** To enter into written stipulations setting forth the qualifications of expert witnesses.

    **d.** To examine, mark and list all exhibits that any party intends to offer at trial.  (<u>A copy of this court's procedures for marking exhibits in contained in this packet.</u>)

    **e.** To agree as to the authenticity and admissibility of such exhibits so far as possible and note the grounds for objection to any not agreed upon.

    **f.** To agree so far as possible on the contested issues of law.

    **g.** To examine and prepare a list of all depositions and portions of depositions to be admitted into evidence.  If any party objects to the admissibility of

any portion, the name of the party objecting and the grounds shall be set forth.

**h.** To explore the prospects of settlement.

It shall be the responsibility of plaintiff's counsel to convene the conference between counsel and, following that conference, to prepare the Pretrial Statement described in the next paragraph.

**2.** No later than <u>ONE WEEK</u> PRIOR TO TRIAL, <u>plaintiff's counsel</u> shall submit a Pretrial Statement containing the following:

**a.** The parties' written stipulations of uncontested facts.

**b.** The probable length of trial.  If the parties cannot agree, each counsel shall state the probable length of their case-in-chief exclusive of cross-examination.

**c.** The names of prospective witnesses.  Only witnesses so listed will be permitted to testify at trial except for good cause shown.

**d.** The parties' written stipulation setting forth the qualifications of all expert witnesses.

**e.** Schedules of all exhibits that will be offered in evidence at trial, together with an indication of those agreed to be admissible and a summary statement of the grounds for objection to any not agreed upon.  Only exhibits so listed shall be offered in evidence at the trial except for good cause shown.

f.  An agreed statement of the contested issues of law supplemented by a separate statement by each counsel of those issues of law not agreed to by all parties.

g.  A list of all depositions and portions of depositions to be offered in evidence, together with an indication of those agreed to be admissible and summary statements of the grounds for objection to any not so agreed upon.

3.  No later than <u>ONE WEEK</u> PRIOR TO TRIAL, each counsel shall file with the court and serve upon opposing counsel a statement of all the facts that counsel will request the court to find at the conclusion of the trial.  In preparing these statements, counsel should have in mind those findings that will support a judgment in their client's favor.  The proposed findings should be complete.  They should be organized in the manner in which counsel desire them to be entered.  They should include stipulated facts, as well as facts not stipulated to but which counsel expect to be supported by the record at the conclusion of the trial.  Those facts that are stipulated to shall be so marked.

4.  Along with the proposed findings of fact required by paragraph 3 of this order, each counsel shall also file and serve a proposed form of special verdict, as if the case were to be tried to a jury.

5.  Before the start of trial, each counsel shall submit to the court a complete set of counsel's pre-marked trial exhibits to be used by the judge as working copies at

trial.  If voluminous, counsel may prefer to submit this in electronic form on cd, memory stick, zip drive or other removable media.

6. If counsel wish to submit trial briefs, they are to do so no later than THREE WORKING DAYS PRIOR TO TRIAL.  Copies of briefs must be provided to opposing counsel.


Final pretrial submissions are to be filed as stated above with no exceptions.  Failure to comply may result in sanctions up to and including entry of default.

Entered this 11th day of May, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

## ORDER REGARDING TIMELY PRESENTATION
## OF TRIAL WITNESSES AND TRIAL EVIDENCE

The parties must have all witnesses and other evidence ready and available for timely presentation at trial in order to prevent delay.  Counsel shall keep in mind that trial may proceed substantially more quickly than anticipated and continuing into the evening hours.  Failure to comply with this order will be grounds for an order precluding the presentation of any additional evidence by the non-complying party.

Entered this 11th day of May, 2012.

BY THE COURT:

WILLIAM M. CONLEY
District Judge